IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SCANROCK OIL & GAS, INC., *et al.*, | § | Case No. 25-90001-mxm11 |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS OF
O'RYAN OREGON RANCHES, LLC AND O'RYAN RANCHES, LLC**

**General**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the chapter 11 cases (the "Chapter 11 Cases") pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") were prepared, pursuant to section 521 of the United States Code, Title 11 §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited. Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. The Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to the Chapter 11 Cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers), and the Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Scanrock Oil & Gas, Inc. (0380); EON Production, LLC (0136); O'Ryan Family Limited Partnership (1913); O'Ryan Production & Exploration Ltd. (9950); O'Ryan Ponderosa, LLC (1476); Ryan C. Hoerauf, Inc. (0493); and Smackover Oil Treaters, Ltd. (9529); O'Ryan Ranches, Ltd. (7184); O'Ryan Ranches, LLC (6467); and O'Ryan Oregon Ranches, LLC. The location of the Debtors' service address is 8180 Lakeview Center, Ste. 300, Odessa, TX 79765.  More information about the Debtors, and copies of pleadings in the above-captioned bankruptcy case, may be obtained on the website of the Debtors' proposed noticing agent, Stretto, Inc., at: https://cases.stretto.com/scanrock.

reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The Schedules and Statements have been signed by Bradford C. Walker, Chief Restructuring Officer. In reviewing and signing the Schedules and Statements, Mr. Walker necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Walker has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

## Description of the Cases

On February 3, 2025 (the "Petition Date"), Scanrock Oil & Gas, Inc. and O'Ryan Ranches, Ltd. each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Subsequently, On February 9, 2025, EON Production, LLC; O'Ryan Family Limited Partnership; O'Ryan Production & Exploration, Ltd.; O'Ryan Ponderosa, LLC; Ryan C. Hoerauf, Inc.; and Smackover Oil Treaters Ltd. filed for chapter 11. On April 25, 2025, O'Ryan Oregon Ranches, LLC and O'Ryan Ranches, LLC filed for chapter 11 in this Court for all of the Debtors to be jointly administered. The Debtors' cases are jointly administered under Case No. 25-90001 in the Bankruptcy Court before the Honorable Judge Mark X. Mullin. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of close of business on February 3, 2025, February 9, 2025, or April 25, 2025, as applicable, and the liability data of the Debtors as of close of business on February 3, 2025, February 9, 2025, or April 25, 2025, as applicable.

## Basis of Presentation

The Debtors review their books and records and adjust such books and records based on their annual tax reporting as well as basic accounting principles. These Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records, documents received from creditors, and historical financial statements.

---

[2]     These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Amendment**

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

## General Disclosures Applicable to Schedules and Statements

1.      **Causes of Action.**  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims or causes of action and neither these Global Notes nor the Schedules and Statements shall (i) be deemed a waiver of any such claims or causes of actions or (ii) in any way prejudice or impair the assertion of any such claims or causes of action.

2.      **Recharacterization.**  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, to the extent any items reported in the Schedules and Statements have been improperly characterized, classified, categorized, or designated, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate such items at a later time as necessary or appropriate as additional or more accurate information becomes available.

3.      **Claim Designations.**  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.      **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.      **Court Orders.**  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases (collectively, and as amended or modified, the "Prepetition Payment Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain

prepetition claims of employees, certain trade vendors, and taxing authorities. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court, the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

6.     **Valuation.**   It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

7.     **Excluded Assets and Liabilities.**   The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains, if any. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

8.     **Confidential or Sensitive Information.**   There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Any such redactions will be limited to only what is necessary to protect the Debtors or applicable third parties.

9.     **Leases.**   The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

10.     **Receivables.**   The Debtors have not listed individual counterparty accounts receivable balance information as the Company considers its list of counterparties to be proprietary and confidential.

11.     **Guarantees and Other Secondary Liability Claims.**   The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

12.    **Intellectual Property Rights.**   The Debtors have made every effort to include owned intellectual property in their Schedules. However, exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

13.    **Mechanics' Liens.**   The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens.

14.    **Estimates.**   To prepare and file the Schedules, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

15.    **Currency.**   Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16.    **Property and Equipment.**   Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

17.    **Claims of Third-Party Related Entities.**   While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

18.    **Umbrella or Master Agreements.**   Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

19.    **Setoffs and Recoupment.**   The Debtors incur setoffs and net payments in the ordinary course of business. Setoffs in the ordinary course can result from various items including,

but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, warranties, and other disputes between the Debtors and their customers or vendors. Therefore, the economic impact of claims related to setoff and recoupment are excluded from the Debtors' responses to Question 6 of the Statement of Financial Affairs.

20.    **Insiders.**    The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) an individual or entity owning 5% or more of the voting or equity securities of a Debtor, (2) directors of any of the Debtors, (3) the Debtors' insider employees, or (4) a person married to any of the foregoing. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

21.    **Indemnification.**    The Debtors' various charters, bylaws, operating agreements, partnership agreements, and other corporate and governance documents provide indemnification rights to certain eligible officers, directors and employees on the particular terms set forth in the applicable corporate and governance documents. The Debtors have not reached a determination with respect to whether certain potentially indemnified persons are ineligible for indemnification under the terms of the applicable corporate and governance documents and certain such persons are therefore listed on the applicable Debtors' Schedule E/F. To the extent that the Debtors have entered into separate contracts with certain executives and former executives, agreeing to indemnify them in certain circumstances according to the particular terms and conditions set forth in those contracts, such contracts are listed on Schedule G. The Debtors have not reached a determination as to whether the persons who are parties to these contracts are eligible for indemnification. Consequently, the Debtors have separately listed on Schedule G all contracts with such persons, but Debtors reserve all rights with respect thereto, including the right to assert that the individual is not entitled to indemnification and that the provisions do not constitute executory contracts.

22.    **Payments.**    The financial affairs and business of the Debtors are complex. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate. Payments made are listed by the legal entity making such payment notwithstanding that many such payments will have been made on behalf of another legal entity.

23.    **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

## Specific Notes Applicable to Schedules and Statements

### Specific Notes Regarding Schedule A/B

The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

Certain instruments reflected on Schedule A/B may contain renewal options, guarantees or payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B. The Debtors reserve the right to assert that any instrument listed on Schedule A/B is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim. The Debtors failure to list any rights in real property on Schedule A/B shall not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

The real estate assets of O'Ryan Oregon Ranches, LLC and O'Ryan Ranches, LLC (the "Oregon Debtors") are included at their market value based on a current offer received.

The Oregon Debtors have included certain carbon credits as contingent assets with an unknown value. The Oregon Debtors have begun the process of obtaining regulatory approval in order to monetize the carbon credits. At this time, no assurance can be given that regulatory approval will be obtained. In the event regulatory approval is obtained, the carbon credits could be monetized in 2027 for an initial amount of approximately $30 million and could have substantial additional carbon credits over the next 20 years.

### Specific Notes Regarding Schedule D

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims. the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed to be an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the

Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

**Specific Notes Regarding Schedule E/F**

1.      **Creditors Holding Priority Unsecured Claims.**   The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

All claims listed on the Debtors' Schedule E/F, Part 1 are claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F, Part 1. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

2.      **Creditors Holding Nonpriority Unsecured Claims.**  The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F, Part 2 does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F, Part 2 arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F, Part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

Schedule E/F, Part 2 contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F, Part 2. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor

3.    **Schedule – Intercompany.**  The Debtors maintain business relationships between and among themselves resulting in intercompany receivables and payables and other claims in the ordinary course of business.  The respective intercompany accounts payable and accounts receivable are listed at undetermined amounts due to/due from, as applicable, on Schedule E/F, Part 2 for each Debtor. Notably, reconciliation of the Debtors' books and records is still ongoing and any intercompany accounts payable and accounts receivable figures listed herein may require amendment as the reconciliation process progresses and concludes.

4.    **Schedule – Trade Payables.**  Trade Payables listed on Schedule E/F, Part 2 contain the liability information available to the Debtors as of the date of filing, including invoices for prepetition claims that may have been paid after the Petition Date pursuant to an order of the Bankruptcy Court.  In these instances, the Debtors have scheduled the unpaid Trade Payables pursuant to their books and records, and have scheduled the paid Trade Payables as contingent and unliquidated claims.

**Specific Notes Regarding Schedule G**

The Debtors continue to review their mineral leases, operating agreements, master service agreements, and other contracts and leases for purposes of Schedule G, and reserve all of their rights in connection with Schedule G.

**Specific Notes Regarding Schedule H**

    **Co-Debtors.**  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

    In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**Fill in this information to identify the case:**

Debtor name  **O'Ryan Ranches, LLC**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF TEXAS

Case number (if known)  **25-90009**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■  *Schedule H: Codebtors* (Official Form 206H)

■  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule*

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **May  9, 2025**        X **/s/ Bradford C. Walker**
                                        Signature of individual signing on behalf of debtor

                                        **Bradford C. Walker**
                                        Printed name

                                        **Chief Restructuring Officer**
                                        Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Fill in this information to identify the case:**

Debtor name  **O'Ryan Ranches, LLC**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF TEXAS

Case number (if known)  **25-90009**

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

<u>Part 1:</u>  **Summary of Assets**

1.  ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*............................................................................  $    **67,858,000.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.........................................................................  $    **1,323,500.00**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*...........................................................................  $    **69,181,500.00**

<u>Part 2:</u>  **Summary of Liabilities**

2.  ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................  $    **61,186,150.62**

3.  ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................  $    **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................  +$    **20,000.00**

4.  **Total liabilities** ....................................................................................
    Lines 2 + 3a + 3b  $    **61,206,150.62**

**Fill in this information to identify the case:**

Debtor name   **O'Ryan Ranches, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **25-90009**

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property     **12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

■ No.  Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
| --- | --- |

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☐ No.  Go to Part 7.

| Debtor | **O'Ryan Ranches, LLC** | Case number *(If known)* **25-90009** |
|---|---|---|
| | Name | |

■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops–either planted or harvested** | | | |
| 29. **Farm animals** *Examples: Livestock, poultry, farm-raised fish* | | | |
| 30. **Farm machinery and equipment** *(Other than titled motor vehicles)* **Other Farm Equipment (See Exhibit Schedule A/B - 30)** | $0.00 | | $1,140,000.00 |

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**

Add lines 28 through 32.  Copy the total to line 85.

| $1,140,000.00 |
|---|

34. **Is the debtor a member of an agricultural cooperative?**
    ■ No
    ☐ Yes.  Is any of the debtor's property stored at the cooperative?
        ☐ No
        ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
    ■ No
    ☐ Yes. Book value _____ Valuation method _____ Current Value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
    ■ No
    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. **2023 Ford Super Duty F-350 PU** | $0.00 | | $42,000.00 |

| Debtor | **O'Ryan Ranches, LLC** | Case number *(If known)* **25-90009** |
|---|---|---|
| | Name | |

47.2. **Automobiles / Transportation Equipment (See Exhibit Schedule A/B - 47)**      $0.00      $141,500.00

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**      $183,500.00

    Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

    ■ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ■ No
    ☐ Yes

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

    ☐ No. Go to Part 10.
    ■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **Ochoco Ranch Land, 27990 Wolf Creek Road, Prineville, OR 97754 (approximately 41,779 acres of the total 44,329 acres in Crook County, OR)** | | $0.00 | | $67,858,000.00 |

56. **Total of Part 9.**      $67,858,000.00

    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

    ■ No
    ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

    ■ No

Debtor  **O'Ryan Ranches, LLC**_____    Case number *(if known)* **25-90009**
           Name

☐ Yes

| Part 10: | Intangibles and intellectual property |

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| 71.   **Notes receivable**<br>Description (include name of obligor) | |
| 72.   **Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local) | |
| 73.   **Interests in insurance policies or annuities** | |
| 74.   **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 75.   **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76.   **Trusts, equitable or future interests in property** | |
| 77.   **Other property of any kind not already listed** *Examples:* Season tickets, country club membership | |
| **Carbon Credits (See Global Notes)** | **Unknown** |

| 78.   **Total of Part 11.** | |
|---|---|
| Add lines 71 through 77. Copy the total to line 90. | **$0.00** |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

Debtor   **O'Ryan Ranches, LLC**                                    Case number *(If known)*   **25-90009**
          <sub>Name</sub>

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $1,140,000.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $183,500.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*......................................................> | | $67,858,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $1,323,500.00 | + 91b. $67,858,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $69,181,500.00 |

**Fill in this information to identify the case:**

Debtor name    **O'Ryan Ranches, LLC**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF TEXAS

Case number (if known)    **25-90009**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
| --- | --- | --- | --- |
| **2.1** **AgWest Farm Credit**<br>Creditor's Name<br><br>**3113 S. Highway 97, Ste. 100**<br>**PO Box 607**<br>**Redmond, OR 97756-0134**<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☑ Yes. Specify each creditor, including this creditor and its relative priority.<br>**1. AgWest Farm Credit**<br>**2. Prosperity Bank**<br>**3. Crook County Tax Collector** | **Describe debtor's property that is subject to a lien**<br>**Ochoco Ranch Land, 27990 Wolf Creek Road, Prineville, OR 97754 (approximately 41,779 acres of the total 44,329 acres in Crook County, OR)**<br><br>**Describe the lien**<br><br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$10,838,604.86** | **$67,858,000.00** |
| **2.2** **Crook County Tax Collector**<br>Creditor's Name<br><br><br>**200 N E Second St.**<br>**Prineville, OR 97754-1999**<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred** | **Describe debtor's property that is subject to a lien**<br>**Ochoco Ranch Land, 27990 Wolf Creek Road, Prineville, OR 97754 (approximately 41,779 acres of the total 44,329 acres in Crook County, OR)**<br><br>**Describe the lien**<br>**Ad Valorem Taxes**<br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br>**Is anyone else liable on this claim?** | **$444,000.00** | **$67,858,000.00** |

Debtor   **O'Ryan Ranches, LLC**
_____   Case number (if known)   **25-90009**
Name

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**2023-2025 Property Taxes**
Last 4 digits of account number

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: |
|---|---|
| ☐ No | Check all that apply |
| ☑ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Contingent |
| **Specified on line 2.1** | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.3 | **Ford Motor Credit Company** | Describe debtor's property that is subject to a lien | $38,313.00 | $42,000.00 |
|---|---|---|---|---|

Creditor's Name

**2023 Ford Super Duty F-350 PU**

**PO Box 30201**
**College Station, TX 77842**

Creditor's mailing address

**Describe the lien**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

☑ No

**Date debt was incurred**

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Last 4 digits of account number**

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: |
|---|---|
| | Check all that apply |
| ☑ No | ☐ Contingent |
| ☐ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| | ☐ Disputed |

---

| 2.4 | **Prosperity Bank** | Describe debtor's property that is subject to a lien | $49,865,232.76 | $67,858,000.00 |
|---|---|---|---|---|

Creditor's Name

**Attn: Mr. Brent Beakley, President**
**fka Lone Star Bank of West Texas**
**2975 JBS Parkway**
**Odessa, TX 79762**

Creditor's mailing address

**Ochoco Ranch Land, 27990 Wolf Creek Road, Prineville, OR 97754 (approximately 41,779 acres of the total 44,329 acres in Crook County, OR)**

**Describe the lien**

**Is the creditor an insider or related party?**

☑ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

☑ No

**Date debt was incurred**

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Last 4 digits of account number**

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: |
|---|---|
| ☐ No | Check all that apply |
| ☑ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Contingent |
| **Specified on line 2.1** | ☐ Unliquidated |
| | ☐ Disputed |

---

Official Form 206D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page 2 of 3

| Debtor | O'Ryan Ranches, LLC | Case number (if known) | **25-90009** |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | | **$61,186,150.62** |

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Winstead PC**<br>**Attn: Richard Leucht, Esq.**<br>**2728 N. Harwood Street**<br>**Suite 500**<br>**Dallas, TX 75201** | Line **2.4** | |

**Fill in this information to identify the case:**

Debtor name     **O'Ryan Ranches, LLC**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF TEXAS

Case number (if known)    **25-90009**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ☐ No. Go to Part 2.

    ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
    with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address | | |

As of the petition filing date, the claim is: **$0.00** **$0.00**

| 2.1 | Priority creditor's name and mailing address<br>**Internal Revenue Service**<br>**Special Procedures-Insolvency**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)     ■ No

☐ Yes

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

Amount of claim

| 3.1 | Nonpriority creditor's name and mailing address<br>**American Family Insurance**<br>**298 NW 3rd St**<br>**Prineville, OR 97754** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$0.00** |

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address<br>**AmTrust Financial Services Inc**<br>**PO Box 6939**<br>**Cleveland, OH 44101-1939** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$0.00** |

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

Debtor    **O'Ryan Ranches, LLC**
Name

Case number (if known)    **25-90009**

---

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $0.00 |
|---|---|---|---|
| | **CECO, INC** | ☐ Contingent | |
| | **PO Box 6030** | ☐ Unliquidated | |
| | **Portland, OR 97228-6030** | ☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | | Basis for the claim: _ | |
| | Last 4 digits of account number _ | | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

---

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $0.00 |
|---|---|---|---|
| | **Central Electric Coop Inc** | ☐ Contingent | |
| | **PO Box 846** | ☐ Unliquidated | |
| | **Redmond, OR 97756** | ☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | | Basis for the claim: _ | |
| | Last 4 digits of account number _ | | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

---

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $0.00 |
|---|---|---|---|
| | **Century Link** | ☐ Contingent | |
| | **PO Box 91155** | ☐ Unliquidated | |
| | **Seattle, WA 98111-9255** | ☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | | Basis for the claim: _ | |
| | Last 4 digits of account number _ | | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $20,000.00 |
|---|---|---|---|
| | **ClearBlue LTD** | ☐ Contingent | |
| | **810-110 Spadina Ave** | ☐ Unliquidated | |
| | **Toronto ON M5V 2K4** | ☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | | Basis for the claim: _ | |
| | Last 4 digits of account number _ | | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $0.00 |
|---|---|---|---|
| | **Triad Machinery** | ☐ Contingent | |
| | **PO Box 994471** | ☐ Unliquidated | |
| | **Seattle, WA 98124-6711** | ☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | | Basis for the claim: _ | |
| | Last 4 digits of account number _ | | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $0.00 |
|---|---|---|---|
| | **Whitley Penn, LLP** | ☐ Contingent | |
| | **Revenue & Practice Management** | ☐ Unliquidated | |
| | **PO Box 676360** | ☐ Disputed | |
| | **Dallas, TX 75267-6360** | | |
| | Date(s) debt was incurred _ | | |
| | | Basis for the claim: _ | |
| | Last 4 digits of account number _ | | |
| | | Is the claim subject to offset? ■ No ☐ Yes | |

---

**Part 3:    List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5.  Add the amounts of priority and nonpriority unsecured claims.**

| Debtor | **O'Ryan Ranches, LLC** | Case number (if known) | **25-90009** |
|---|---|---|---|
| | Name | | |

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ _____ **0.00** |
| **5b. Total claims from Part 2** | 5b. + | $ _____ **20,000.00** |
| | | |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ _____ **20,000.00** |

**Fill in this information to identify the case:**

Debtor name    **O'Ryan Ranches, LLC**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF TEXAS

Case number (if known)    **25-90009**

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
　　　■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
　　　☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal　Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1　State what the contract or lease is for and the nature of the debtor's interest<br><br>　　State the term remaining<br><br>　　List the contract number of any government contract | |
| 2.2　State what the contract or lease is for and the nature of the debtor's interest<br><br>　　State the term remaining<br><br>　　List the contract number of any government contract | |
| 2.3　State what the contract or lease is for and the nature of the debtor's interest<br><br>　　State the term remaining<br><br>　　List the contract number of any government contract | |
| 2.4　State what the contract or lease is for and the nature of the debtor's interest<br><br>　　State the term remaining<br><br>　　List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name      **O'Ryan Ranches, LLC**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF TEXAS

Case number (if known)    **25-90009**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **Eon Production, LLC** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.2 | **O'Ryan Family Limited Partnership** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.3 | **O'Ryan Oregon Ranches, LLC** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.4 | **O'Ryan Ponderosa, LLC** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.5 | **O'Ryan Production & Exploration, Ltd/.** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |

| Debtor | **O'Ryan Ranches, LLC** | Case number *(if known)* | **25-90009** |

---

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | *Column 1:* **Codebtor** | *Column 2:* **Creditor** |
|---|---|---|
| 2.6 | **O'Ryan Ranches, Ltd.** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.7 | **Ryan C. Hoerauf, Inc.** | **dba O'Ryan Oil & Gas 8180 Lakeview Center, Suite 300 Odessa, TX 79765** | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.8 | **Scanrock Oil & Gas, Inc.** | **8180 Lakeview Center, Suite 300 Odessa, TX 79769** | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.9 | **Smackover Oil Treaters, Ltd.** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | ☐ D _____ ☐ E/F _____ ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name   **O'Ryan Ranches, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **25-90009**

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**04/25**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

1. **Gross revenue from business**

   ◼ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   | --- | --- | --- |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ◼ None.

   | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   | --- | --- | --- |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ◼ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
   | --- | --- | --- | --- |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ◼ None.

   | Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   | --- | --- | --- | --- |

5. **Repossessions, foreclosures, and returns**

   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

| Debtor | O'Ryan Ranches, LLC | Case number (if known) | 25-90009 |

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| Part 3: | Legal Actions or Assignments |

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | WELL CASTLE LIMITED v RYAN DRILLING, LLC,INDIVIDUALLY AND d/b/a O'RYAN DRILLING; O'RYAN HEAVY HAUL, LLC; O'RYAN FAMILY LIMITED PARTNERSHIP; RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL & GAS; RYAN C. HOERAUF INDIVIDUALLY, AND AS TRUSTEE OF THE AMBER HOERAUF TRUST AND THE MATHEW HOERAUF TRUST; LEASE SUPERVISORS, LLC; DEANNA K. HOERAUF; O'RYAN PRODUCTION & EXPLORATION, TD.; O'RYAN OREGON RANCHES, LLC; O'RYAN RANCHES, LTD.; O'RYAN RANCHES, LLC; RYAN PROPERTIES, INC.; O'RYAN MISSION, LTD.; RYAN Et AI<br>CV55526 | Alter Ego and Other Claims | in the 385th Judicial District of<br>Midland County, Texas | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| Part 4: | Certain Gifts and Charitable Contributions |

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Debtor | **O'Ryan Ranches, LLC** | | Case number *(if known)* | **25-90009** |

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6:    Certain Payments or Transfers

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

## Part 7:    Previous Locations

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|

## Part 8:    Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | **O'Ryan Ranches, LLC** | Case number *(if known)* | **25-90009** |
|---|---|---|---|

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9:  Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | O'Ryan Ranches, LLC | Case number *(if known)* | 25-90009 |
|---|---|---|---|

---

**Part 12:** **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:** **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service<br>From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com

| Debtor | **O'Ryan Ranches, LLC** | | Case number *(if known)* | **25-90009** |

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    **Thomas Jaeger**<br>**8180 Lakeview Center, Suite 300**<br>**Odessa, TX 79765** | **10/1/22 - Present** |
| 26c.2.    **Terri E. Vaught**<br>**8180 Lakeview Center, Suite 300**<br>**Odessa, TX 79765** | **8/1/05 - Present** |
| 26c.3.    **Linda R. Benham**<br>**8180 Lakeview Center, Suite 300**<br>**Odessa, TX 79765** | **7/1/98 - Present** |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    **AgWest Farm Credit**<br>**3113 S. Highway 97, Ste. 100**<br>**PO Box 607**<br>**Redmond, OR 97756-0134** |
| 26d.2.    **Prosperity Bank**<br>**Attn: Mr. Brent Beakley, President**<br>**fka Lone Star Bank of West Texas**<br>**2975 JBS Parkway**<br>**Odessa, TX 79762** |

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Ryan C. Hoerauf | 8180 Lakeview Center, Ste. 300<br>Odessa, TX 79765 | Limited Partner of O'Ryan Family Limited Partnership 100% Owner of the Debtor | 59% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Ryan C. Hoerauf 2008 Delaware Trust | 8180 Lakeview Center, Ste. 300<br>Odessa, TX 79765 | Limited Partner of O'Ryan Family Limited Partnership, 100% Owner of the Debtor | 40% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Ryan Properties, Inc. | 8180 Lakeview Center, Ste. 300<br>Odessa, TX 79765 | General Partner of O'Ryan Family Limited Partnership, 100% Owner of the Debtor | 1% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

| Debtor | **O'Ryan Ranches, LLC** | Case number *(if known)* | **25-90009** |
|---|---|---|---|

☑ No

☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **May  9, 2025**

**/s/ Bradford C. Walker**                        **Bradford C. Walker**
Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor    **Chief Restructuring Officer**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☑ No
☐ Yes

**O'Ryan Ranches, LLC**

Case # 25-90009

Exhibit Schedule A/B - 30

| **Description** | **Est Market Value** |
|---|---|
| D6 Cat Dozer: 4RC02484 | $60,000 |
| John Deere 770ch Road Grader: DW770CH564472 | $70,000 |
| 320c Excavator: 0320CPANB3583 | $40,000 |
| Skid steer attachment | $18,000 |
| Skid steer attachment | $8,000 |
| Takeuchi TB153 Mini excavator: 15820590 & Takeuchi TL140 Skidsteer: 21405520 | $55,000 |
| 1991 Red Peterbilt Tractor : 318757 | $25,000 |
| Takeuchi TL150 Skidsteer: 21504632 | $30,000 |
| Dynapac Roller: 58110386 | $40,000 |
| AG West No Till Planter | $22,000 |
| D8k Cat Dozer: 77V13213 | $60,000 |
| D4 Cat Dozer: 8PB3050 | $40,000 |
| Green Power Wagon | $14,000 |
| 966c loader:  76j4606 | $30,000 |
| 35 Ton Crane | $60,000 |
| Skid steer attachment | $44,000 |
| Kawasaki 90Z Loader: 90C1-0116 | $55,000 |
| Tilt Deck Trailer | $6,000 |
| 518 Skidder Long Frame: 85U01495 | $48,000 |
| Link Belt 3400 Pierce Delimber: N/A | $45,000 |
| Sky Trak Forklift: 5823 | $28,000 |
| 1997 Ziema Tilt Deck Trailer: 1ZCT30A24VZP19670 | $12,000 |
| 2006 Snake River Gooseneck Trailer: 5PTGF312061001319 | $18,000 |
| 1978 Yellow Peterbilt Tractor: 112588N | $22,000 |
| 1984 Blue Kenworth Tractor: NKWL29X7DS312158 | $32,000 |
| 1984 Ford F80 Fire engine: 1FDPF82K5EVA21913 | $48,000 |
| 518 Skidder | $32,000 |
| John Deere TimberJack 950 Feller Buncher: WC0950X009006 | $72,000 |
| Komatsu Pc138 Excavator: KMTPC044J01001727 | $52,000 |
| Link Belt Log loader: PHLB8897 | $42,000 |
| White 4000 Water Truck: BJ043 A 748773 | $12,000 |
| **Totals** | **$1,140,000** |

**O'Ryan Ranches, LLC**

Case # 25-90009

Exhibit Schedule A/B - 47

| Description | Est Market Value |
|---|---|
| 1998 White Kenworth Dumptruck: INKDXBEX789698 | $35,000 |
| 2000 Ford F-250 v10: 1FTSW31SOYEC07348 | $6,000 |
| International Dump Truck: 691997 & International Dump Truck: 691996 | $40,000 |
| 1997 Chevy C35: 1GCHK33J3VF051564 | $4,000 |
| 2000 Nissan Frontier: 1N6ED27YXYC362250 | $2,500 |
| 2001 Dodge Ram: 1B7MF33761J516336 | $18,000 |
| 2007 Green Jeep: 1J4A39107L155269 | $4,000 |
| 2009 Red Jeep Rubicon: | $6,000 |
| 1988 Ford F-250: 1FTHF26G3JPB60657 | $6,000 |
| 1998 Green Chevy: 1GCGK24J3WE184188 | $4,000 |
| 1999 Ford F-550: 1FDAW57F3XEB27960 | $16,000 |
| **Total** | **$141,500** |